UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTOINE ALLEN HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:16CV235 ACL |
| BOBBY SULLIVAN, et al, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Antoine Allen Harris for leave to commence this action without prepayment of the filing fee. The motion will be granted, and plaintiff will be given leave to file an amended complaint.

### Procedural History

Plaintiff, proceeding *pro se*, commenced this civil action on September 14, 2016 and moved for leave to proceed *in forma pauperis*, but he failed to sign the complaint and he failed to submit the required financial information. On September 22, 2016, the Court returned the complaint to plaintiff and directed him to sign and return it, and also directed him to submit a certified inmate account statement. (Docket Nos. 4 and 5). Plaintiff was subsequently transferred to the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, and the Court's Orders were re-sent to him there. On November 4, 2016, plaintiff submitted a certified inmate account statement, but he did not respond to the Court's order directing him to submit a signed complaint, and the Court once again ordered him to do so. On December 9, 2016, plaintiff submitted a signed copy of the Court's original filing form, but did

not submit a signed complaint. On December 19, 2016, the Court once again ordered plaintiff to submit a signed complaint, and plaintiff finally complied on December 30, 2016.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit and a certified inmate account statement showing an average monthly balance of $75.00. The Court will therefore assess an initial partial filing fee of $15.00, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

*Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Named as defendants in this action are police officer Bobby Sullivan, Scott County Judge Scott Horman, and the Sikeston Department of Public Safety. For his statement of claim, plaintiff writes:

> 1. Bobby Sullivan #279 put a false affidavit stating he has a video of me shooting a guy twice and fighting the same guy at a parking lot. 2. Went to my preliminary hearing and Bobby Sullivan #279 states he did not see me shoot a guy I must of ducked his camara [*sic*]. 12-19-2015 5:00 PM 889 West Malone Sikeston Mo.
>
> 2. Judge Scott Horman Judge. At preliminary hearing he heard Bobby Sullivan lie on his affidavit and continue to bound me over [*sic*] with that lie.

3

3. Sikeston Public Safety. Allowing a false statement saying they also have a camara [*sic*] on a city pole and they that [*sic*] as the affidavit to get a warrant on me.

(Docket No. 14 at 8).

For his claim for relief, plaintiff writes: "[n]eed form 2254 and be release [*sic*] and sue Bobby Sullivan, Scott County, Sikeston Mo for falsely arresting me." (*Id.* at 9). Plaintiff also seeks $200,000.00 in monetary damages. (*Id.* at 9).

## Discussion

Plaintiff seeks damages against Judge Horman for wrongs he allegedly committed in the course of his judicial duties. These claims are subject to dismissal because judges are absolutely immune from such suit. *Imbler v. Pachtman*, 424 U.S. 409, 434-35 (1976) (*citing Pierson v. Ray*, 386 U.S. 547 (1967)). Plaintiff's claims against the Sikeston Department of Public Safety are also subject to dismissal because the Sikeston Department of Public Safety, as a department or subdivision of City government, is not suable – or subject to a lawsuit under federal law. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *see also Ballard v. Missouri*, No. 4:13CV528 JAR, 2013 WL 1720966, at *3 (E.D. Mo. April 22, 2013) (dismissing as legally frivolous claims against several departments of local government, noting that they were not juridical entities suable as such); *Wallace v. St. Louis City Justice Ctr.*, No. 4:12CV2291 JAR, 2013 WL 3773971, at *2 (E.D. Mo. July 17, 2013) (dismissing claims against the St. Louis City Justice Center because, as a department or subdivision of local government, it is not a suable entity).

The Court now turns to plaintiff's claims against police officer Bobby Sullivan. Allegations that a false affidavit was the basis for an arrest warrant can sufficiently state a § 1983

4

Fourth Amendment claim against the affiant officer. *Moody v. St. Charles County*, 23 F.3d 1410, 1411-12 (8th Cir. 1994); *see also Lambert v. City of Dumas*, 187 F.3d 931, 935 (8th Cir. 1999) (holding that the Fourth Amendment protects the right to be free from arrest without probable cause); *Burk v. Beene*, 948 F.2d 489, 494-95 (8th Cir. 1991) (affiant officer who was aware the affidavit was untruthful "should have known [it] would violate the accused's constitutional rights."). However, the Court cannot allow plaintiff's claim against Sullivan to go forward at this time. First, plaintiff fails to specify whether he intends to sue Sullivan in his individual capacity, his official capacity, or both. The Court must therefore interpret the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (when a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims"); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). As pled, the complaint fails to state a claim against Sullivan in his official capacity. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

In addition, it is not entirely clear what plaintiff is alleging Sullivan did to violate his constitutional rights. Plaintiff states that Sullivan "put a false affidavit stating he has a video" of plaintiff shooting a guy and fighting, and then alleges that, during the preliminary hearing, Sullivan said "he did not see me shoot a guy I must of ducked his camara [*sic*]." (Docket No. 14 at 8). While Sullivan's actions appear conflicting, plaintiff fails to allege what constitutional harm resulted, and the Court will not attempt to guess. *See Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.").

Recognizing that leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a), the Court will allow plaintiff the opportunity to amend his complaint. The Court will therefore take no action as to the named defendants at this time. The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, and the allegations must be simple, concise, and direct. **Plaintiff is advised that the amended complaint will completely replace the original complaint.** *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005).* **In order to sue a defendant in his individual capacity, plaintiff must specifically say so in the complaint. If plaintiff fails to sue a defendant in his individual capacity, this action may be subject to dismissal as to that defendant. Plaintiff must sign the amended complaint.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $15.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**Plaintiff is cautioned that, if he fails to timely file an amended complaint in accordance with this Order, the Court will dismiss this action without further proceedings.**

Dated this 3rd day of February, 2017.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE