UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

ANTOINE ALLEN HARRIS,            )
                                 )
    Plaintiff,                   )
                                 )
v.                               )    No. 1:16-cv-235-ACL
                                 )
BOBBY SULLIVAN, et al.,          )
                                 )
    Defendants.                  )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. This case will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to plaintiff's failure to comply with this Court's February 3, 2017 Order and his failure to prosecute his case.

### Procedural History

Plaintiff, proceeding *pro se*, commenced this civil action on September 14, 2016 and moved for leave to proceed *in forma pauperis*, but he failed to sign the complaint and he failed to submit the financial information required by 28 U.S.C. § 1915(a)(2). On September 22, 2016, the Court returned the complaint to plaintiff and directed him to sign and return it, and also directed him to submit the required financial information. (Docket Nos. 4 and 5). Plaintiff was subsequently transferred to the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, and the Court's Orders were re-sent to him there. On November 4, 2016, plaintiff submitted the required financial information, but did not respond to the Court's order directing him to submit a signed complaint. The Court once again ordered him to submit a signed complaint. On December 9, 2016, plaintiff submitted a signed copy of the Court's original filing form, but did not submit a signed complaint. On December 19, 2016, the Court

once again ordered plaintiff to submit a signed complaint, and plaintiff finally complied on December 30, 2016.

The Court then reviewed the complaint pursuant to 28 U.S.C. § 1915(e) and noted numerous defects, including plaintiff's attempt to sue defendants who were either immune or were non-juridical entities, his failure to specify the capacity in which he was suing another defendant, and his failure to allege specific facts tending to establish that his constitutional rights were violated. In an order dated February 3, 2017, the foregoing was explained to plaintiff, and he was given the opportunity to submit an amended complaint. He was also instructed to pay an initial partial filing fee of $15.00. He was cautioned that his failure to timely comply would result in the dismissal of his case without prejudice and without further notice. Plaintiff's response to the Court was due on March 6, 2017. To date, he has neither responded to the Court, nor sought additional time to do so.

**Discussion**

Since initiating this case, plaintiff's efforts to prosecute it have deteriorated to the point that he has effectively halted its progress. While plaintiff initially required repeated reminders to respond appropriately to Court orders, he now has failed to respond to the Court at all, despite being warned that such failure would result in the dismissal of his case. Plaintiff has offered no explanation for this failure. This, taken with the totality of the circumstances as set forth above, leaves the Court to conclude that plaintiff wishes to abandon his case. The Court determines that plaintiff's failure to comply with its February 3, 2017 Order is intentional rather than accidental. It is most likely that plaintiff will continue to fail to prosecute his case and will continue to refuse to comply with future Court orders, either by ignoring them or by failing to follow the instructions therein. Dismissal is therefore appropriate pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure, due to plaintiff's failure to comply with a court order and his failure to prosecute his case. *See Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (Rule 41 dismissal is appropriate in cases of willful disobedience of a court order or persistent failure to prosecute a complaint); *see also Rodgers v. Curators of Univ. Of Mo.*, 135 F.3d 1216, 1219-20 (8th Cir. 1998) (upholding the district court's Rule 41 dismissal after the plaintiff refused to comply with court orders, finding the district court did not need to find that the plaintiff acted in bad faith, only that the failure to comply was intentional as opposed to accidental or involuntary); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (holding that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that the complaint, and all of plaintiff's causes of action against all of the defendants, are hereby **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of March, 2017.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE